UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CURTIS HILLIARD,

                               Plaintiff,

        -against-

THE CITY OF NEW YORK, P.O. NEIL LAWSON,
P.O. "JOHN DOE" #1-10, Individually and in their Official
Capacities, (the name John Doe being fictitious, as the true
names are presently unknown),

                              Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**11 CV 0961**
**JURY TRIAL DEMANDED**

**ECF CASE**

      Plaintiff, CURTIS HILLIARD, by his attorney, Jon L. Norinsberg, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 and 1367.

### VENUE

      4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.   Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.   Plaintiff is an African-American male , a citizen of the United States, and at all relevant times was and is a resident of the City and State of New York.

7.   Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.   Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9.   That at all times hereinafter mentioned, defendant P.O. NEIL LAWSON, was a duly sworn police officer of said department and was acting under the supervision of said department and according to their official duties.

10.   That at all times hereinafter mentioned, the individually named defendants, P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.   That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## STATEMENT OF FACTS

14. On March 12, 2010, at approximately 5:00 am, plaintiff CURTIS HILLIARD was lawfully on 112th Street between St. Nicholas Avenue and 7th Avenue, in the County of New York, City and State of New York.

15. At the aforesaid time and place, Plaintiff CURTIS HILLIARD was walking and stopped to speak with his friend, Anthony Williams, when the two were suddenly accosted by defendants P.O. NEIL LAWSON and P.O. "JOHN DOE."

16. P.O. NEIL LAWSON and P.O. "JOHN DOE" conducted an unlawful search of plaintiff CURTIS HILLIARD.

17. P.O. NEIL LAWSON and P.O. "JOHN DOE" could not find any incriminating evidence against plaintiff CURTIS HILLIARD.

18. Notwithstanding this fact, P.O. NEIL LAWSON and P.O. "JOHN DOE" handcuffed plaintiff CURTIS HILLIARD and placed him under arrest for drug charges, despite defendants' knowledge that they lacked probable cause to do so.

19. Plaintiff CURTIS HILLIARD was then transported to the 28th Precinct, in the County of New York, in the City and State of New York.

20. At the precinct, plaintiff CURTIS HILLIARD was subjected to an unlawful strip search.

21. In connection with this arrest, defendant police officers filled out false and misleading police reports, and forwarded these reports to prosecutors in the New York County District Attorney's office.

22. At no time on March 12, 2010 did plaintiff CURTIS HILLIARD ever commit any crime.

23. As a result of this unlawful arrest, plaintiff CURTIS HILLIARD spent about 36 hours in jail, and was required to make multiple court appearances for seven (7) months to defend himself against the false charges which defendant police officers had filed against him.

24. Notwithstanding defendant police officers' unlawful and perjurious conduct, on October 25, 2010, a jury acquitted plaintiff CURTIS HILLIARD of all charges.

25. As a result of the foregoing, plaintiff CURTIS HILLIARD sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

28. All of the aforementioned acts deprived plaintiff CURTIS HILLIARD of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. As a result of defendants' aforementioned conduct, plaintiff CURTIS HILLIARD was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

34. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C.§ 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendant police officers strip-searched plaintiff CURTIS HILLIARD in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

37. As a result of the foregoing, plaintiff CURTIS HILLIARD was subjected to an illegal and improper strip search.

38. The foregoing unlawful strip search violated plaintiff CURTIS HILLIARD's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendant police officers misrepresented and falsified evidence before the District Attorney.

41. Defendant police officers did not make a complete and full statement of facts to the District Attorney.

42. Defendant police officers withheld exculpatory evidence from the District Attorney.

43. Defendant police officers were directly and actively involved in the initiation of criminal proceedings against plaintiff CURTIS HILLIARD.

44. Defendant police officers lacked probable cause to initiate criminal proceedings against plaintiff CURTIS HILLIARD.

45. Defendant police officers acted with malice in initiating criminal proceedings against plaintiff CURTIS HILLIARD.

46. Defendant police officers were directly and actively involved in the continuation of criminal proceedings against plaintiff CURTIS HILLIARD.

47. Defendant police officers lacked probable cause to continue criminal proceedings against plaintiff CURTIS HILLIARD.

48. Defendant police officers acted with malice in continuing criminal proceedings against plaintiff CURTIS HILLIARD.

49. Defendant police officers misrepresented and falsified evidence throughout all phases of the criminal proceedings.

50. Notwithstanding the perjurious and fraudulent conduct of defendant police officers, the criminal proceedings were terminated in plaintiff CURTIS HILLIARD's favor on October 25, 2010, when a jury acquitted him of all charges.

51. As a result of the foregoing, the plaintiff's liberty was restricted for an extended period of time, and he was placed in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendant police officers issued legal process to place plaintiff CURTIS HILLIARD under arrest.

54. Defendant police officers arrested plaintiff CURTIS HILLIARD in order to obtain a collateral objective outside the legitimate ends of the legal process.

55.     Defendant police officers acted with intent to do harm to plaintiff CURTIS HILLIARD without excuse or justification.

56.     As a result of the foregoing, plaintiff CURTIS HILLIARD's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "56" as if the same were more fully set forth at length herein.

58.     Defendant police officers created false evidence against plaintiff CURTIS HILLIARD.

59.     Defendant police officers forwarded false evidence and false information to prosecutors in the New York County District Attorney's office.

60.     In creating false evidence against plaintiff CURTIS HILLIARD, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendant police officers violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

61.     As a result of the foregoing, plaintiff CURTIS HILLIARD's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

**WHEREFORE**, plaintiff CURTIS HILLIARD demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

DATED:    February 8, 2011
          New York, New York


                                    BY:    _____/S/_____
                                           JON L. NORINSBERG
                                           Attorney for Plaintiff
                                           225 Broadway, Suite 2700
                                           New York, N.Y. 10007
                                           (212) 791-5396